**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Leonard Lambright, | No. CV-87-235-TUC-JMR |
| Petitioner, | DEATH PENALTY CASE |
| vs. | |
| Charles L. Ryan, et al.,[1] | **ORDER** |
| Respondents. | |

For the reasons set forth herein, the Court grants Respondents' motion for modification of protective order and denies Petitioner's motion for order to show cause.

In September 2003, this Court issued an order of protection during discovery in preparation for an evidentiary hearing on a claim of ineffective assistance ("IAC") of sentencing counsel. Petitioner ultimately prevailed on his habeas claim, *Lambright v. Schriro*, 490 F.3d 1103, 1128 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 882 (2008), and this Court entered final judgment in his favor on January 25, 2008. (Dkt. 341.) In October 2008, Respondents moved to modify the protection order to allow the Pima County Attorney's Office access to habeas depositions and discovery (with the exception of Petitioner's own deposition) in preparation for Petitioner's resentencing, slated to begin in April 2009. (Dkt. 345.)

---

[1] Charles L. Ryan is substituted for Dora B. Schriro, as Acting Director, Arizona Department of Corrections. Fed. R. Civ. P. 25(d)(1).

In lieu of a response to Respondents' motion for modification, Petitioner moved for an order to show cause and to stay the time for responding to the modification motion. (Dkt. 349.) Petitioner's motion asserted, based on an affidavit from Petitioner's current state court counsel, that the Arizona Attorney General already had provided the Pima County Attorney's Office with its file in this matter and, therefore, the protection order had been violated. According to state defense counsel's affidavit, the Pima County Attorney identified in a disclosure that it possessed Petitioner's deposition, transcripts from this Court's evidentiary hearing, expert evaluations prepared for the hearing, and an affidavit from Fredrick Neidhardt, one of the witnesses who testified at the hearing. The Court declined to stay briefing and directed the parties to respond to each other's motions. In their response to Petitioner's show cause motion, Respondents stated that the Attorney General's office "inadvertently" sent their entire file to the Pima County Attorney. (Dkt. 354 at 1.) In a supporting affidavit, the assigned prosecutor avowed that his secretary prepared for defense counsel a list of documents contained in the file received from the Attorney General but that he had not actually reviewed any of the materials and would not do so absent an order from this Court modifying the order of protection. (Dkt. 355.)

On December 4, 2008, this Court issued an order setting forth in detail the background behind its September 2003 protection order. (Dkt. 357.) The order noted that, although the word "privileged" as a modifier to the phrase "information, documents and materials" had been omitted in the order, it was the intent of the Court that the order of protection be so limited. (Dkt. 357 at 3.) Accordingly, the Court directed Petitioner to specifically identify, by January 5, 2009, the statements or information that he contends are privileged and should be protected from use at his state court resentencing proceedings. (Dkt. 357.) Rather than respond as directed or move to stay the Court's order, Petitioner filed a notice of appeal from the December 2008 order. (Dkt. 358.)

Ordinarily, a notice of appeal divests a district court of jurisdiction. *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966). However, "[i]f an appeal is taken

- 2 -

1 from a non-appealable order the [trial court] may proceed with the case as if the notice of
2 appeal had not been filed." *O'Donnell v. United States*, 62 Fed. Cl. 64 (2004) (citing 20
3 James Wm. Moore, et al., *Moore's Federal Practice and Procedure* § 303.32(2)(b)(iv)(B)
4 (2004)); *see also Ruby*, 365 F.2d at 389 ("Where the deficiency in a notice of appeal, by
5 reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is
6 clear to the district court, it may disregard the purported notice of appeal and proceed with
7 the case, knowing that it has not been deprived of jurisdiction.").

**Non-Appealable Order**

9 Petitioner has appealed an order directing that he provide the Court with additional
10 information to assist the Court in ruling on Respondents' motion to modify the order of
11 protection. In this Court's view, such action was improper because the order was neither
12 final nor appealable. Consequently, this Court is not divested of jurisdiction to rule on the
13 motions pending before it.

14 First, the Court's December 2008 order was clearly not a "final decision[] of the district
15 court[] of the United States," within the meaning of 28 U.S.C. § 1291. *See Englert v.*
16 *MacDonnell*, 551 F.3d 1099, 1103 (9th Cir. 2009) ("A 'final decision' generally is one which
17 ends the litigation on the merits and leaves nothing for the court to do but execute the
18 judgment."). Second, it was not appealable as an interlocutory order under 28 U.S.C. §
19 1292(b) because Petitioner did not request permission to file such an appeal, and this Court
20 would not have agreed to certify the issues presented by the December 2008 order to the
21 circuit court. *See Oppenheimer v. Los Angeles County Flood Control Dist.*, 453 F.2d 895
22 (9th Cir. 1972) (interlocutory appeal dismissed where no certification made under § 1292(b)).
23 Finally, the Court concludes that the order in question is not appealable as a "collateral
24 order."

25 In *Englert*, the Ninth Circuit echoed the Supreme Court's admonition that the collateral
26 order doctrine applies only to "a 'small class' of decisions, 'which finally determine claims
27 of right separable from, and collateral to, rights asserted in the action, too important to be

28
- 3 -

denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" 551 F.3d at 1103 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). To be appealable, the order must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Englert*, 551 F.3d at 1104.

Petitioner's underlying habeas action became final when the Court entered judgment in his favor. Thereafter, Respondents filed a motion to modify the Court's order of protection, and Petitioner filed a motion for an order to show cause regarding Respondents' alleged violation of the protection order. The Court's December 2008 order ruled on neither of these pending motions; rather, it clarified the Court's intent with respect to the order of protection and directed Petitioner to provide additional information from which the Court could determine what, if any, materials should be protected from use in Petitioner's resentencing. Thus, the primary issue to be decided by the Court – modification of the protection order – was not conclusively resolved in the December 2008 order, and that order did not determine rights separable from the still pending modification request.

In addition, there is no question that final resolution of Respondents' motion for modification will provide a basis from which Petitioner may appeal. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1129 (9th Cir. 2003) (appeal from modification of protective order proper under collateral order doctrine). Thus, it cannot be said that this Court's December 2008 order is effectively unreviewable on appeal because either party is free to seek appeal from final resolution of the motion to modify the protective order. For all of these reasons, the Court concludes that its December 2008 order does not fall within the ambit of the collateral order doctrine. Therefore, this Court retains jurisdiction and resolution of the still pending motions is appropriate.

**Motion to Modify Protective Order**

Respondents request that the Court modify its September 2003 protective order to allow

both the prosecution and Petitioner's state court counsel access to the depositions and discovery obtained during the habeas proceedings. (Dkt. 345 at 2.)

*Background*

Prior to being deposed by Respondents in preparation for an evidentiary hearing on his sentencing IAC claim, Petitioner moved for an order of protection to limit "the scope of questioning" to only those matters relevant to the ineffectiveness claim before the Court. (Dkt. 248 at 1.) In support of the motion, Petitioner argued that there was no legal basis for questioning him about the crime for which he was convicted and that inquiries about the crime would violate his right against self-incrimination under the Fifth Amendment. (*Id.* at 2.) The same day Petitioner filed his motion, the Ninth Circuit Court of Appeals issued a ruling in *Summerlin v. Stewart*, 341 F.3d 1082 (9th Cir. 2003) (en banc), *rev'd*, 542 U.S. 348 (2004), holding that the Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002), applied retroactively to prisoners such as Petitioner whose direct appeals had been final when *Ring* was decided. Believing he was now entitled to a new sentencing proceeding, Petitioner asserted in his motion reply brief that Respondents had to be restricted from questioning him about the facts of the crime because "such questioning provides clear opportunity to the attorneys to gather evidence in aggravation" for use at resentencing. (Dkt. 256 at 2.)

At oral argument on the motion, Petitioner's counsel asked that the motion for protective order be considered instead a motion to prohibit Respondents from taking Petitioner's deposition "because he is going to be resentenced, and he is entitled to not take the stand." (RT 9/9/2003 at 8.) The Court denied the motion but agreed that a protective order should issue to preclude the state in future proceedings, absent an order of the Court, from using "statements made by petitioner during the course of discovery in connection with the habeas petition." (*Id.* at 13.) In so ruling, the Court stated that it was guided by two case decisions. (*Id.* at 12.) The first, *Bean v. Calderon*, 166 F.R.D. 452 (E.D. Cal. 1996), recognized the right of a habeas petitioner to invoke the Fifth Amendment during habeas proceedings (albeit at the risk of the court drawing an adverse inference from his refusal to

1  testify).  The second, *Bittaker v. Woodford*, 331 F.3d 715 (2003) (en banc), held that a

2  protective order is necessary to preclude use of privileged attorney-client materials for any

3  purpose other than litigating a federal habeas claim.

4      At the conclusion of argument, the Court issued the following order:

> **IT IS FURTHER ORDERED** that all discovery granted to Respondents, including the requests to depose sentencing counsel Brogna, Petitioner's experts and Petitioner, shall be deemed to be confidential. Any information, documents and materials obtained vis-a-vis the discovery process may be used only by representatives from the Office of the Arizona Attorney General and only for purposes of any proceedings incident to litigating the claims presented in the petition for writ of habeas corpus (and all amendments thereto) pending before this Court. None may be disclosed to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court. This Order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a resentencing, except that either party maintains the right to request modification or vacation of this Order upon entry of final judgment in this matter.
>
> **IT IS FURTHER ORDERED** that Respondents' deposition of Petitioner must specifically relate to assertions Petitioner has made in his habeas petition (or amendments thereto), and for which it is likely that Petitioner has personal knowledge. The questions must be phrased in such a manner that they are directly linked to the federal claim upon which Petitioner is being deposed. Petitioner may assert his Fifth Amendment privilege, but the assertion of that privilege may be cause for the Court to draw an adverse inference in this habeas proceeding.

16  (Dkt. 258 at 3.)

17  *Analysis*

18      "A party subject to a protective order is generally free to return to the issuing court to

19  seek modification of the order." *Osband v. Woodford*, 290 F.3d 1036, 1039 (9th Cir. 2002).

20  Modification is appropriate where, for example, "the protected discovery is sufficiently

21  relevant to the collateral litigation that a substantial amount of duplicative discovery will be

22  avoided by modifying the protective order." *Foltz*, 331 F.3d at 1132.  In addition, a court

23  considering modification should assess whether the material in question was produced in

24  reliance on the protective order. *Id.* at 1137; *see also Beckman Indus. v. Int'l. Ins. Co.*, 966

25  F.2d 470, 475-76 (9th Cir. 1992) (finding minimal reliance on a blanket protective order).

26  Finally, while a court has authority to limit the dissemination of information gathered

27  through discovery, materials submitted to a court during a public hearing or as part of a

1  dispositive motion "lose their status of being raw fruits of discovery." *Phillips ex rel. Estates*
2  *of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (quoting *Rushford v. New*
3  *Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988)); *Foltz*, 331 F.3d at 1134-35.

4      Respondents assert that modification is necessary because "[i]f Lambright places his
5  mental health at issue in the resentencing proceeding, discovery obtained during the habeas
6  proceedings, particularly that of mental health experts, will be directly relevant to the
7  resentencing." (Dkt. 345 at 2.)  Petitioner counters that the protective order should not be
8  modified or vacated because Respondents failed to provide notice that they would attempt
9  to modify the terms of the protective order and because modification "would violate the trust
10 Lambright placed in the Court during his deposition and testimony at the hearing." (Dkt. 352
11 at 3, 5.)  Petitioner asserts summarily, without elucidation, that he relied on the overly broad
12 language of the Court's protective order in litigating his case.  Petitioner further contends that
13 modification is inappropriate because this Court gave him verbal assurances during the
14 habeas evidentiary hearing that his testimony would not be used against him at a later
15 resentencing. (*Id.* at 7 (citing RT 11/14/03 at 292).)  Finally, in a footnote, Petitioner claims,
16 without citation to relevant authority, that the order of protection "should include any
17 evidence derivative of the discovery granted to Respondents in the evidentiary hearing. . .
18 .  Retaining the protective order as to Lambright's deposition and testimony only and not
19 including evidence Respondents developed solely as a result of such statements would
20 eviscerate the protection offered by the order." (*Id.* at 5 n.1.)

21     The Court is not persuaded by any of Petitioner's objections to Respondents'
22 modification request.  First, the Court expressly stated that either party could seek
23 modification or vacation of the protective order upon entry of final judgment; therefore,
24 Petitioner's argument that Respondents' modification request is tardy and that he lacked
25 notice that modification would be sought is unavailing.  In addition, as noted by the Ninth
26 Circuit in *Osband*, "A party subject to a protective order is generally free to return to the
27 issuing court to seek modification of the order." 290 F.3d at 1039.  Petitioner's implicit
28

- 7 -

1 argument – that a protective order can never be modified – necessarily fails.

2 Second, the Court finds that Petitioner did not rely on the Court's protective order in 3 conducting discovery in this matter. Petitioner's motion for a protective order – addressed 4 only to the scope of questioning during his own deposition by Respondents – was filed on 5 September 2, 2003. (Dkt. 248.) Prior to that, starting in June 2002, Petitioner willingly 6 engaged in discovery and disclosure without the benefit of a protective order. Indeed, he was 7 examined by his own experts on October 28 and December 3, 2002, and those of 8 Respondents on July 25 and 30, 2003. (Dkts. 197, 204, 232, 235.) In addition, despite the 9 protective order, Petitioner refused to answer questions during the deposition that related to 10 his role in the crime, thus evidencing little reliance. (Evid. Hrg. Ex. 21 at 59-65.)

11 The Court in drafting the protective order chose for expediency's sake to provide 12 blanket protection beyond that sought by Petitioner. To this end, the Court did not require 13 Petitioner to make a "good cause" showing under Rule 26(c) of the Federal Rules of Civil 14 Procedure for protection of every document obtained through discovery and stated instead 15 that the order would be subject to modification or vacation if and when Petitioner faced a 16 resentencing proceeding. Accordingly, Petitioner's reliance on the order was clearly 17 minimal, and he does not now allege specific prejudice or harm from use of the habeas 18 discovery materials at his resentencing. *See Beckman Indus.*, 966 F.3d at 475-76 (noting less 19 reliance on a blanket protective order and stating that broad allegations of harm, 20 unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) 21 test).

22 Third, although Petitioner contends that the September 2003 protective order "was 23 appropriate to protect *otherwise privileged information* from use in later proceedings" (Dkt. 24 352 at 5 (emphasis added)), he has failed to identify any specific information subject to a 25 relevant privilege either in his response to the modification motion or when given an 26 opportunity to respond to the Court's December 2008 order. As already noted, Petitioner 27 refused to answer potentially incriminating questions during his deposition, and there is no

28

- 8 -

1  indication that Respondents obtained incriminating information protected by the attorney-
2  client privilege during their deposition of trial counsel.

3  Fourth, Petitioner's alleged reliance on the Court's verbal assurances during the
4  evidentiary hearing that "the *information in question* would not be used against him at a later
5  resentencing" misstates the record. (Dkt. 352 at 7 (emphasis added).) During the evidentiary
6  hearing, Petitioner refused to answer Respondents' questions regarding the murder and
7  Petitioner's state of mind at the time of the crime. (RT 11/14/03 at 290-303.) Consequently,
8  the Court reiterated that it had issued a protective order so that, in the event the petition was
9  granted and Petitioner was subjected to a new sentencing hearing, "*your testimony*
10 *concerning the crimes in this case* that you would not otherwise answer but decide to answer
11 could not be used against you in connection with that hearing." (*Id.* at 292 (emphasis
12 added).) Petitioner's counsel remarked that he thought the protective order applied just to
13 Petitioner's deposition testimony but nonetheless advised his client against testifying. (*Id.*)
14 The record is clear that the Court offered during the evidentiary hearing an extension of the
15 discovery protective order solely to protect any testimony by Petitioner concerning the
16 underlying crime.

17 In *Phillips v. General Motors Corp.*, the Ninth Circuit held that the public is permitted
18 "access to litigation documents and information produced during discovery unless the party
19 opposing disclosure shows 'good cause' why a protective order is necessary." 307 F.3d at
20 1210. It follows, then, that a party who has never made a "good cause" showing under Rule
21 26(c) may not rely solely on a protective order to justify refusal to modify that order in
22 response to a request for disclosure. Petitioner has made no effort to establish good cause
23 for any specific materials or information obtained by Respondents during pre-hearing
24 discovery in this case. Nor has he identified privileged materials uncovered during discovery
25 or asserted any specific prejudice arguments concerning the use of the discovery materials
26 during resentencing. On this record, the Court concludes that vacation of the September

- 9 -

2003 protective order is warranted.[2]

As a separate matter, the Court observes that Petitioner never sought during the evidentiary hearing to protect from public disclosure any items obtained during discovery. It is well settled that the public has a common law right of access to judicial documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). Because Petitioner did not seek to seal any of the materials submitted and testified to during the evidentiary hearing in support of his habeas claim, those materials became a matter of public record. As the Ninth Circuit in *Foltz* recognized:

> When discovery material is filed with the court, however, its status changes. If the documents are not among those which have traditionally been kept secret for important policy reasons, then the public policy reasons behind a presumption of access to judicial documents (including judicial accountability, education about the judicial process etc.) apply.

331 F.3d at 1134 (internal citations and quotations omitted); *see also Phillips*, 307 F.3d at 1213. Thus, although discovery in a civil case is ordinarily treated as private among the parties, a hearing in federal court is a public proceeding and, absent a request to seal, information filed in connection with such a hearing is outside the scope of a Rule 26(c) protective order. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default.").

Because the testimony and documents submitted to the Court during the habeas evidentiary hearing are part of this Court's record available to the public, they are outside the scope of the discovery protective order and modification of the order to provide these materials to the Pima County Attorney was unnecessary.

Based on the foregoing,

---

[2] In light of this ruling, Petitioner's motion for an order to show cause and to direct Respondents to reacquire their file from the Pima County Attorney is denied.

**IT IS HEREBY ORDERED** that Respondents' Motion to Modify Protective Order (Dkt. 345) is **GRANTED**. The order of protection entered by the Court on September 23, 2003 (Dkt. 258) is **VACATED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Order to Show Cause (Dkt. 349) is **DENIED**.

DATED this 24th day of March, 2009.

_____
John M. Roll
Chief United States District Judge