WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Leonard Lambright, | No. CV-87-00235-TUC-CKJ |
| Petitioner, | DEATH-PENALTY CASE |
| v. | **ORDER** |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Respondents' motion to modify the protective order entered by this Court on April 3, 2014. (Doc. 414). Respondents request that this Court modify the protective order to allow both parties in the state proceedings access to any discovery and/or testimony produced and/or exchanged during the habeas proceedings conducted in this Court. Petitioner opposes the motion (Doc. 415), and Respondents have filed a reply (Doc. 416.) For the reasons set forth herein, the Court denies Respondents' motion to modify.

The complete and lengthy procedural history of this case can be found in the orders of District Judges John M. Roll and Cindy K. Jorgenson, and in the opinions of the circuit court. As it relates to the matter presently before the Court, in September 2003, this Court issued an order of protection during discovery proceedings in preparation for an evidentiary hearing on a claim of ineffective assistance ("IAC") of sentencing counsel. Petitioner ultimately prevailed on his habeas claim, *Lambright v. Schriro*, 490 F.3d 1103, 1128 (9th Cir. 2007), and this Court entered final judgment in his favor on January 25,

2008. (Doc. 341.) Petitioner was scheduled to begin his resentencing on April 22, 2009. (Doc. 345.)

In October 2008, Respondents moved to modify the protective order to allow the Pima County Attorney's Office access to habeas depositions and discovery (with the exception of Petitioner's own deposition) in preparation for Petitioner's resentencing. (*Id.*) On December 4, 2008, the Court issued an order directing Petitioner to identify specific statements he believed were protected by the Fifth Amendment as well as specific communications and grounds for asserting the attorney-client privilege. (Doc. 357.) Petitioner filed a notice of appeal from the order and did not file a response or motion to stay the Court's order. On March 24, 2009, the Court, finding that it retained jurisdiction to rule on the motion to modify, vacated the order of protection entered on September 23, 2003. (Doc. 362.) Petitioner filed a notice of appeal. (Doc. 363.) The Ninth Circuit, noting that due to Petitioner's premature appeal the District Court lacked the information necessary to rule on the modification motion, vacated the modification order and remanded for further proceedings. *Lambright v. Ryan*, 359 F.App'x 838, 840 (9th Cir. 2009).

At the direction of this Court, the parties provided further briefing on Respondents' motion to modify. The Court granted Respondents' motion, concluding that its September 2003 protective order should remain in effect only as to the transcript of Petitioner's deposition. (Doc. 385.) Petitioner appealed this order. On December 20, 2012, the Ninth Circuit remanded for further proceedings on Respondents' motion to modify. *Lambright v. Ryan*, 698 F.3d 808 (2012). The Court ordered supplemental briefing, and, on April 3, 2014, issued an order granting in part and denying in part Respondents' motion to modify. (Doc. 413.) Neither party appealed from this protective order, and it is now the subject of the matter presently before the Court. (Doc. 414.)

April 3, 2014 Protective Order

Because Respondents request a sweeping modification of the protective order, the Court summarizes its content and scope. After consideration of each item of discovery

that Petitioner asserted was privileged (Doc. 406), the Court specifically identified several categories of discovery documents and excerpts of hearing testimony that qualified for protection under the attorney-client privilege, the work product doctrine, or the Fifth Amendment right against self-incrimination.

The Court found that a transcribed interview with predecessor habeas counsel Thomas Higgins, and a declaration from habeas counsel David Tiers, both referencing an interview of trial counsel Carmine Brogna and specifically discussing Brogna's recollections regarding his mental impressions of the case and facts of the crime, his trial strategy and theories of the case, his investigation, and his communications with Petitioner, were protected as privileged attorney-client communication and work product. (Doc. 413 at 3.)

The Court also found that portions of Brogna's testimony at the federal habeas evidentiary hearing were similarly protected.[1] (*Id.*)

The Court found the remaining items included in the protective order to be privileged under the Fifth Amendment. This included the reports, interviews, evaluations, depositions and raw data of experts who personally interviewed Petitioner, or who relied on the reports of other experts who had conducted personal interviews of Petitioner. (Doc. 413 at 4) (citing Doc. 406 at 9–16). This also included correspondence between experts and Petitioner's habeas counsel, as well as excerpts of testimony of Petitioner and Drs. Richard Hinton, Barry Morenz, Gina Lang, and Edward French. (*Id.*)(citing 406 at 21–25).

Additionally, the Court found that the evidentiary hearing testimony of five of Respondents' fact witnesses were subject to the protective order because Respondents relied on protected information elicited from Petitioner in investigating and locating these fact witnesses, noting that Respondents had not specifically addressed this assertion of privilege nor claimed that the information was obtained through other means. (*Id.*)(citing

---

[1] Respondents concede this testimony, in addition to the depositions of Brogna and Petitioner, are not the subject of this motion. (Doc. 414 at 17.)

Doc. 406 at 16–19, 22–23.)

In ruling, the Court found guidance on remand from the Ninth Circuit's holding in this case:

> . . . that the Fifth Amendment "prohibits use of [Petitioner's] testimony at resentencing so long as it could be used to establish aggravating factors or to undermine his claim of mitigating factors." *Lambright*, 698 F.3d at 822. The court further held that the Fifth Amendment protected Petitioner's statements to mental health experts, observing that Petitioner "could not simultaneously put his mental health at issue and then refuse to answer questions from mental health experts by asserting his Fifth Amendment privilege." *Id.* at 823.

(Doc. 413 at 3.) Consequently, because litigation of Petitioner's claim alleging ineffective assistance of counsel at sentencing necessarily required a narrow waiver of his Fifth Amendment privilege, similar to the attorney-client and work-product privileges, the Court denied Respondents' motion to modify the protective order and limited the use of material privileged under the Fifth Amendment *solely* to litigation of Petitioner's habeas claims in federal court. (*Id.* at 3–4.) Respondents did not move for rehearing or reconsideration of this order, and did not file a notice of appeal.

<u>Motion to Modify</u>

Respondents now assert that the Court should modify its protective order because Petitioner has placed both his mental health and his Vietnam service at issue in his resentencing in Pima County Superior Court. Petitioner opposes the motion, asserting the principle of *res judicata* prohibits relitigation of these issues, there has been no change in fact, circumstance, or law that would justify reopening this matter, and Respondents failed to appeal from this Court's April 3, 2013, final order regarding modification of the protective order. (Doc. 415.)

A party subject to a protective order is generally free to seek modification of that order, and this Court has broad discretion in deciding such a request. *See Osband v. Woodford*, 290 F.3d 1036, 1039 (9th Cir. 2002) (citing *Empire Blue Cross & Blue Shield*

1 *v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir.1995)). This Court, however, has previously considered and rejected the arguments Respondents raise in this motion to modify, and finds no compelling reason to revisit these issues.

Respondents previously urged this Court to find that, if Petitioner puts his mental health at issue in his resentencing, discovery obtained in the habeas proceeding related to his mental health would become discoverable. (Doc. 410 at 13.) Respondents argued then, as they do now, that "all aspects of a capital defendant's character and background are necessary for a constitutionally individualized sentencing." (*Id.*) Respondents also argued that Petitioner could not use the habeas proceeding to protect information that was not subject to any relevant privilege regarding his family background, military service, mental health, or other relevant sentencing information including accounts from (and the existence of) other people who served with Petitioner in Vietnam. (*Id.* at 14.) This Court considered Respondents' arguments, and, in light of the Ninth Circuit's "clear directive" found Petitioner waived the use of this privileged material "to litigation *only of Petitioner's habeas claim*," thus specifically rejecting Respondents argument that on resentencing this material becomes discoverable. (Doc. 413 at 3–4) (emphasis added).

As Petitioner correctly points out, the fact that Petitioner's mental health and Vietnam service would be placed at issue in his resentencing has been the factual foundation for all of the prior litigation pertaining to the protective order in this case, and has been expressly considered by the federal courts in each ruling related to the protective order and subsequent motions to modify. Specifically, in remanding this matter to the District Court to determine the proper scope of protection, the Ninth Circuit explained that "[t]he Fifth Amendment prohibits use of [Petitioner's] testimony at resentencing so long as it could be used to establish aggravating factors or to undermine his claim of mitigating factors . . . and offering it was necessary to vindicate [Petitioner's] constitutional rights in the habeas proceeding." *Lambright*, 698 F.3d at 822–23 (citing *Estelle v. Smith*, 451 U.S. 454, 462–63 (1981) and *Simmons v. United States*, 390 U.S. 377, 388–94 (1968)). As the Ninth Circuit explained, "the purpose of a protective order is

to allow a party to disclose materials in a habeas proceeding but not in subsequent litigation (as opposed to shielding the evidence from the public), it would render the order practically useless to hold that disclosing the materials in the habeas hearing deprives that material of protection in the subsequent litigation." *Lambright*, 698 F.3d at 820.

The fact that Petitioner has now noticed his intent to present such evidence at resentencing, (*see* Docs. 414, Exs. A–C and Doc. 416, Exs. D–E), does not change this Court's previous analysis and reliance on the Ninth Circuit's rationale in *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (*en banc*), explaining "[i]f a prisoner is successful in persuading a federal court to grant the writ, the court should aim to restore him to the position he would have occupied, had the first trial been constitutionally error-free." *Id.* at 722. Neither is this Court convinced by Respondents' assertion that the principle of *res judicata* supports theirs, rather than Petitioner's position, because "[t]wo federal courts have concluded that Lambright's 'alleged combat experience' in Vietnam did not occur." These findings, by this Court and the Ninth Circuit, do not in any way alter the rationale behind this Court's protective order. To the extent Respondents believe the principle of *res judicata* prohibits Petitioner from alleging his combat experience in Vietnam as a mitigating factor in state court based on the federal courts' findings, that is a matter for the state courts to decide.

To the extent Respondents' motion to modify asks this Court to reconsider its previous ruling, there has been no change in fact, circumstance, or law that would warrant such reconsideration. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *School Dist. No. 1J, Multnomah County, Oregon v. AcandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what the court has already thought through—rightly or wrongly," *United States v. Rezzonico*,

1  32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted). Respondents' motion is
2  simply asking the Court to rethink what it has already thought through. Without sufficient
3  justification, the Court declines to do so.
4      This ruling does not preclude the state court from determining whether Petitioner
5  waived his privilege on some basis other than his disclosure of privileged information
6  during the course of the federal litigation, nor does it preclude the state-court litigants
7  from obtaining the privileged materials through a source other than the Attorney
8  General's office, and to present them to the state court for consideration of their
9  admissibility. *See Bittaker*, 331 F.3d at 726–27 (upholding protective order that "simply
10 precludes a party before it from misusing materials it obtained for a limited purpose by
11 invoking the court's power of compulsion.")
12     Accordingly, for the reasons stated above,
13     IT IS ORDERED Respondents' motion to modify protective order (Doc. 414) is
14 DENIED.
15     Dated this 23rd day of September, 2015.

*[signature]*
Cindy K. Jorgenson
United States District Judge